# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Kimray, Inc., <br> an Oklahoma Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> Norriseal-Wellmark Inc., <br> a Delaware Corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-16-1167-D <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff, Kimray, Inc. ("Kimray"), for its causes of action against Defendant Norriseal-Wellmark Inc. ("Norriseal"), alleges and states as follows:

## NATURE OF ACTION

1. This is an action for injunctive relief and monetary damages arising out of Norriseal's trade dress infringement, unfair competition and deceptive and unfair trade practices.

## PARTIES, JURISDICTION & VENUE

2. Kimray is an Oklahoma corporation having a principal place of business at 52 Northwest 42nd Street, Oklahoma City, Oklahoma 73116.

3. Upon information and belief, Norriseal is a Delaware corporation having its principle place of business at 11122 West Little York, Houston, TX 77041.

4. The Court has subject matter jurisdiction in this action under 28 U.S.C. § 1331 and § 1338(a) because it arises under the Lanham Act, 15 U.S.C. §1052 *et. seq*.

Jurisdiction over the state law causes of action are proper under 28 U.S.C. § 1338(b) and § 1367(a) because they are joined with substantial and related claims under the federal Lanham Act and/or are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. This Court has personal jurisdiction over Norriseal because maintaining this action in Oklahoma will not offend traditional notions of fair play and substantial justice and/or Norriseal has committed one or more tort(s) underlying this action in whole or in part within Oklahoma.

6. Venue is appropriate pursuant to 28 U.S.C. §§ 1391(b)-(c) because a substantial part of the events or omissions giving rise to the claims and the actual harm to Kimray occurred in this District.

## FACTUAL BACKGROUND

7. Kimray is an Oklahoma corporation that manufactures and sells a variety of oilfield products, including, without limitation, valves, regulators, controls, pumps, pilots and relays, and flow meters.

8. Kimray began manufacturing oilfield products at least as early as 1948, during which time Kimray has built an excellent reputation and is known in the industry as a manufacturer of high quality oilfield products.

9. Since at least as early as 1954, Kimray has manufactured, advertised, and sold automatic oil and water treater valves ("Kimray's Treater Valve(s)"), a true and correct copy of an image of which is attached as Exhibit 1.

10. The configuration and visual design of Kimray's Treater Valve is distinctive and non-functional trade dress and is the subject of the incontestable United States Trademark Registration No. 1,605,319 ("Kimray's Registered Trade Dress"), a true and correct copy of which is attached as Exhibit 2.

11. Kimray sells its Kimray's Treater Valve under its Registered Trade Dress at retail locations throughout the United States, including locations in this District, as well as on its website at <<< kimray.com/products/browse/itemdetail/2506>>>.

12. Due to its distinctive appearance and extensive use by Kimray, Kimray's Registered Trade Dress is strong and well-recognized in the minds of consumers, oilfield personnel, service personnel and others in the industry as designating Kimray as the source of the valves manufactured thereunder.

### NORRISEAL'S UNLAWFUL CONDUCT

13. Norriseal sells oil and gas products and provides related services.

14. Norriseal's oil and gas products and services are in direct competition with Kimray's.

15. Upon information and belief, Norriseal manufactures and markets a treater valve with a configuration virtually identical to Kimray's Registered Trade Dress (the "Infringing Product"). A true and correct copy of an image of the Infringing Product is attached as Exhibit 3.

16. The visual design of the Infringing Product is identical and/or confusingly similar to Kimray's Registered Trade Dress.

17. Upon information and belief, Norriseal and Kimray advertise and sell their respective valve products to the same actual and/or prospective consumers.

18. Upon information and belief, Norriseal's advertising and marketing of its Infringing Product targets, or will target, the same actual and/or prospective consumers as Kimray's advertising and marketing of its Treater Valves.

19. Upon information and belief, Norriseal and Kimray advertise and sell their respective valve products in the same channels of trade.

20. Contemporaneous advertising and marketing of the Infringing Product and Kimray's Treater Valves is likely to cause confusion or mistake or deception by and among consumers as to the source of the parties' respective valves.

21. Upon information and belief, Norriseal chose the design of the Infringing Product to trade on the goodwill associated with Kimray's Registered Trade Dress.

22. Upon information and belief, Norriseal did not manufacture or market the Infringing Product until after December 31, 1954.

23. Upon information and belief, Norriseal advertises and offers to sell the Infringing Product in the State of Oklahoma and this District.

24. Upon information and belief, Norriseal advertised and/or offered to sell its Infringing Product to actual and/or prospective customers of Kimray's at the Oklahoma Oil & Gas Expo in Oklahoma City, Oklahoma on Thursday, October 6, 2016.

25. The Infringing Product is identical and/or confusingly similar to Kimray's Registered Trade Dress and is advertised in competition with Kimray's Treater Valve to

the same prospective customers as Kimray's, using the same channels of trade utilized by Kimray, thereby violating Kimray's rights in its Registered Trade Dress.

26. Upon information and belief, Norriseal began advertising and marketing the Infringing Product with knowledge of Kimray's Registered Trade Dress in a deliberate, willful and intentional attempt to trade upon the goodwill associated with Kimray's Registered Trade Dress.

## COUNT I
## TRADE DRESS INFRINGEMENT

27. Kimray re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

28. Kimray's Registered Trade Dress is a valid and protectable trade dress to which Kimray owns all right, title, and interest.

29. Kimray's Registered Trade Dress is the subject of the incontestable U.S. Trademark Registration No. 1,605,319.

30. Norriseal's design of the Infringing Product infringes on Kimray's rights in and to Kimray's Registered Trade Dress in violation of 15 U.S.C. § 1114.

31. Norriseal's use of Kimray's Registered Trade Dress and/or the manufacturing, marketing, selling and advertising for sale of the Infringing Product is likely to cause confusion, or to cause mistake, or to deceive as to its source, origin and sponsorship, and to mislead the public into believing that Norriseal is affiliated, connected, and/or associated with Kimray, and/or that Norriseal's Infringing Product originates from, is sponsored by, is endorsed by, and/or is somehow approved by Kimray.

32. Norriseal's activities have caused and will cause irreparable harm to Kimray for which Kimray has no remedy at law in that, if Norriseal's wrongful conduct continues, customers and others are likely to become further confused as to the source of the Infringing Product provided by Norriseal, and any infringement by Norriseal constitutes an interference with Kimray's goodwill and customer relationships. As a result, Kimray is entitled to a preliminary and permanent injunction prohibiting Norriseal from manufacturing, marketing, advertising and selling the Infringing Product and any other product incorporating a design confusingly similar to Kimray's Registered Trade Dress.

33. As a result of Norriseal's unlawful conduct, and because of the likelihood of confusion engendered by the same, Kimray has been and will continue to be damaged in an amount to be determined at trial. Kimray is entitled to an award of its damages, as well as Norriseal's profits, and, upon information and belief, Norriseal's actions are and have been in bad faith, willful and/or conscious or reckless disregard of Kimray's rights, such that Kimray is entitled to exemplary damages and attorneys' fees in accordance with 15 U.S.C. § 1117.

### COUNT II
### UNFAIR COMPETITION/ FALSE ADVERTISING/ FALSE DESIGNATION OF ORIGIN

34. Kimray re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

35. Norriseal's advertising and marketing of the Infringing Product is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin and

sponsorship of the Infringing Product and to mislead the public into believing that Norriseal and the Infringing Product are affiliated, connected, or associated with Kimray, and that the Infringing Product originates from, is sponsored by, is endorsed by, or is somehow approved by Kimray.

36. Norriseal's use of the design of the Infringing Product constitutes a false designation of origin, false description, and false representation that the Infringing Product, originated from, is sponsored, approved, and/or authorized by Kimray, and is likely to cause confusion, or to cause mistake, and/or to deceive in violation of 15 U.S.C. § 1125(a).

37. Norriseal's activities have caused and will cause irreparable harm to Kimray for which Kimray has no remedy at law in that, if Norriseal's wrongful conduct continues, customers and others are likely to become further confused as to the source of the Infringing Product, and any infringement by Norriseal constitutes an interference with Kimray's goodwill and customer relationships. As a result, Kimray is entitled to a preliminary and permanent injunction prohibiting Norriseal from manufacturing, marketing, and selling the Infringing Product and any other product incorporating a design confusingly similar to Kimray's Registered Trade Dress.

38. As a result of Norriseal's unlawful conduct, and because of the likelihood of confusion engendered by Norriseal, Kimray has been and will continue to be damaged in an amount to be determined at trial. As a result of the foregoing, Kimray is entitled to an award of its damages, as well as Norriseal's profits, and, upon information and belief, Norriseal's actions are and have been in bad faith, willful and/or conscious or reckless

disregard of Kimray's rights, such that this is an exceptional case for which Kimray is entitled to exemplary damages and attorneys' fees in accordance with 15 U.S.C. § 1117.

## COUNT III
## DECEPTIVE TRADE PRACTICES

39.  Kimray re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

40.  Norriseal has, in the course of business, and through the above-described acts, violated the Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. §§ 51 *et seq*.

41.  Norriseal's activities have caused and will cause irreparable harm to Kimray for which Kimray has no remedy at law in that, if Norriseal's wrongful conduct continues, customers and others are likely to become further confused as to the source of the Infringing Product, and any infringement by Norriseal constitutes an interference with Kimray's goodwill and customer relationships.  As a result, Kimray is entitled to a preliminary and permanent injunction prohibiting Norriseal from manufacturing, marketing, advertising and selling the Infringing Product and any other product incorporating a design confusingly similar to Kimray's Registered Trade Dress.

42.  As a result of Norriseal's unlawful conduct, Kimray has been and will continue to be damaged in an amount to be determined at trial.  As a result, Kimray is entitled to such damages, as well as Norriseal's profits. Upon information and belief, Norriseal's unlawful acts have been intentional, knowing, willful, in bad faith and/or in conscious and reckless disregard for the rights of Kimray such that Kimray is entitled to exemplary damages and its attorneys' fees.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

43. Kimray re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

44. The foregoing acts of Norriseal permit Norriseal to benefit from the goodwill and reputation of Kimray and to obtain access to customers and sales from which Norriseal would not otherwise benefit.

45. By using a design for the Infringing Product that is identical and/or confusingly similar to Kimray's Registered Trade Dress, Norriseal is unfairly competing with Kimray in violation of the common law of the State of Oklahoma.

46. Norriseal's activities have caused and will cause irreparable harm to Kimray for which Kimray has no remedy at law in that, if Norriseal's wrongful conduct continues, customers and others are likely to become further confused as to the source of the Infringing Product, and any infringement by Norriseal constitutes an interference with Kimray's goodwill and customer relationships. As a result, Kimray is entitled to a preliminary and permanent injunction prohibiting Norriseal from manufacturing, marketing, advertisingand selling the Infringing Product and any other product incorporating a design confusingly similar to Kimray's Registered Trade Dress.

47. Norrseal's acts have caused and will continue to cause Kimray damage in an amount to be determined at trial, and Kimray is entitled to an award of its damages, as well as Norriseal's profits. Upon information and belief, Norriseal's unlawful acts have

been intentional, knowing, willful, in bad faith and/or in conscious and reckless disregard for the rights of Kimray such that Kimray is entitled to exemplary damages.

## COUNT V
## COMMON LAW INFRINGEMENT

48.     Kimray re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

49.     This claim is brought under the common law of the State of Oklahoma for trade dress infringement.

50.     Norriseal, without authorization from Kimray, has used and continues to use a design for the Infringing Product, which is confusingly similar to Kimray's Registered Trade Dress.

51.     Norriseal's use of the Infringing Product is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin and sponsorship of the Infringing Product and to mislead the public into believing that Norriseal and the Infringing Product is affiliated, connected, or associated with Kimray, and that the Infringing Product originates from, is sponsored by, is endorsed by, or is somehow approved by Kimray.

52.     Norriseal's activities have caused and will cause irreparable harm to Kimray for which Kimray has no remedy at law in that, if Norriseal's wrongful conduct continues, customers and others are likely to become further confused as to the source of the Infringing Product, and any infringement by Norriseal constitutes an interference with Kimray's goodwill and customer relationships.  As a result, Kimray is entitled to a preliminary and permanent injunction prohibiting Norriseal from manufacturing,

marketing, and selling the Infringing Product and any other product incorporating a design confusingly similar to Kimray's Registered Trade Dress.

53. As a result of Norriseal's unlawful conduct, and because of the likelihood of confusion engendered by Norriseal, Kimray has been and will continue to be damaged in an amount to be determined at trial and Kimray is entitled to an award of its damages, as well as Norriseal's profits. Upon information and belief, Norriseal's unlawful acts have been intentional, knowing, willful, in bad faith and/or in conscious and reckless disregard for the rights of Kimray such that Kimray is entitled to exemplary damages.

## COUNT VI
## COUNTERFEIT TRADE DRESS

54. Kimray re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

55. Kimray's Registered Trade Dress constitutes protectable intellectual property under Oklahoma's Trademark Anti-Counterfeiting Act, 21 Okla. Stat. § 1990 *et seq.*

56. Norriseal's aforementioned unpermitted use, reproduction and/or copying of Kimray's intellectual property constitutes a violation of Oklahoma's Trademark Anti-Counterfeiting Act.

57. Norriseal's violation of Oklahoma's Trademark Anti-Counterfeiting Act has caused and will cause Kimray irreparable harm regarding which Kimray is entitled to a preliminary and permanent injunction prohibiting Norriseal from manufacturing,

marketing, and selling the Infringing Product and any other product incorporating a design confusingly similar to Kimray's Registered Trade Dress.

58.	Norriseal's aforementioned acts have been willful and have caused and will cause Kimray to sustain injury, loss, and damage.  As a result, Kimray is entitled to its actual damages caused by Norriseal's violation of Oklahoma's Trademark Anti-Counterfeiting Act in an amount to be proven at trial, exemplary damages, the costs of suit, and an award of its attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Kimray requests the Court enter judgment in its favor as follows:

A.	Judgment be entered in favor of Kimray against Norriseal as to each of the above counts;

B.	Norriseal, its officers, agents, servants, employees, successors and assigns, and all persons acting in concert or participation with Norriseal, be preliminarily and permanently enjoined from manufacturing, marketing, and selling the Infringing Product and/or any other product using any design confusingly similar to Kimray's Registered Trade Dress in any form, as well as any and all other conduct which is likely to cause confusion or to cause a mistake or deceive as to affiliation, connection or association among Norriseal with Kimray and/or as to the origin, sponsorship or approval of Norriseal's products by Kimray;

C.	Norriseal be ordered to cease and desist all marketing and sales of the Infringing Product, whether online or otherwise, and to remove and deliver for destruction all signs, labels, displays, literature, recorded commercials, advertising or

other material or tangible things in their possession or control, or their agents or employee's possession or control, that advertises or markets the Infringing Product;

D. Norriseal be required to pay such damages as Kimray has sustained as a consequence of Norriseal's unlawful acts and pursuant to the claims set forth herein, including exemplary damages;

E. Norriseal be required to pay Kimray's costs, expenses, and reasonable attorneys' fees in connection with this action; and

F. Such other and further relief as this Court may deem appropriate and just.

Respectfully submitted,

*s/Anthony L. Rahhal*
Anthony L. Rahhal, OBA #14799
Zachary A.P. Oubre, OBA #30666
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK  73102
Telephone:   (405) 235-9621
Facsimile:    (405) 235-0439
anthonyrahhal@mcafeetaft.com
zach.oubre@mcafeetaft.com

ATTORNEYS FOR PLAINTIFF

**JURY TRIAL DEMANDED**