# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KIMRAY, INC., an Oklahoma corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-16-1167-D |
| NORRISEAL-WELLMARK, INC., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Before the Court is Defendant Norriseal-Wellmark, Inc.'s (Norriseal) Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, or, in the Alternative, for a More Definite Statement [Doc. No. 16]. Plaintiff Kimray, Inc. (Kimray) has filed its response in opposition [Doc. No. 28] and Norriseal has replied [Doc. No. 30]. The matter is fully briefed and at issue.

## BACKGROUND

The following facts are taken from Kimray's Complaint and, in addition to all reasonable inferences, are viewed in the light most favorable to it. *Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016).[1] Kimray manufactures and sells a variety of oilfield products such as valves, regulators, controls, pumps, pilots

---

[1] Legal conclusions, however, were not considered or accepted as true. *Wasatch Equality*, 820 F.3d at 386 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

and relays, and flow meters. Part of its product line includes automatic oil and water treater valves, over which Kimray obtained trademark registration. Norriseal is a competitor of Kimray. It sells oil and gas products and provides related services. Norriseal and Kimray both advertise and sell their respective valve products to the same consumer base and in the same channels of trade.

Norriseal manufactures and markets a treater valve with a configuration virtually identical to Kimray's registered oil and water treater valves. Kimray alleges Norriseal chose the design of its treater valves to capitalize on the goodwill associated with Kimray's registered valves, and that it has infringed upon Kimray's trade dress protection in the product. Kimray also contends Norriseal has intentionally marketed its products in direct competition with Kimray, and such contemporaneous advertising and marketing of the two valves will likely cause confusion, mistake, or deception among consumers. Accordingly, Kimray filed the instant lawsuit, asserting claims for trade dress infringement (Count 1), unfair competition/false advertising/false designation of origin (Count 2),[2] deceptive trade practices (Count 3), common law unfair competition (Count 4), common law infringement (Count 5), and counterfeit trade dress (Count 6).

---

[2] Kimray acknowledges the phrase "false advertising" appears in Count 2. However, it states it does not intend to assert a claim for false advertising and the count is solely directed to a federal claim for unfair competition under 15 U.S.C. § 1125(a)(1)(A). *See* Pl. Resp. at 14 n. 2.

Norriseal moves to dismiss the Complaint on the grounds that it fails to state a plausible claim for relief. Specifically, Norriseal contends that (1) Kimray's trade dress infringement claim fails because it failed to adequately allege the precise boundaries of its alleged trade dress; (2) Kimray's trade dress infringement claim and related claims fail because Kimray failed to set forth specific allegations regarding the element of "likelihood of confusion"; (3) Kimray's state deceptive trade practices claim fails because it failed to allege which of the enumerated categories of deceptive conduct set forth in the statute it contends Norriseal committed; and (5) Kimray's counterfeiting claim fails because it has only set forth threadbare recitals of the statutory language.

## STANDARD OF DECISION

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The "plausibility" standard announced in *Twombly* and *Iqbal* is not considered a "heightened" standard of pleading, but rather a "refined standard," which the Tenth Circuit has defined as "refer[ring] to the scope of the allegations in a complaint: if

3

they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

The Tenth Circuit has further noted that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." *Khalik*, 671 F.3d at 1191 (quoting *Kansas Penn Gaming*, 656 F.3d at 1215). "Thus … the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.' " *Id*. (quoting *Robbins*, 519 F.3d at 1247). In deciding *Twombly* and *Iqbal*, there was no indication the Supreme Court "intended a return to the more stringent pre-Rule 8 pleading requirements." *Id.* at 1191 (citing *Iqbal*, 556 U.S. at 678).

Thus, it remains true that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555); *Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009) ("Technical fact pleading is not required, but the complaint must still provide enough

4

factual allegations for a court to infer potential victory.") (quoting *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [its] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1191 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Sanchez v. Hartley*, 810 F.3d 750, 756 (10th Cir. 2016) (citing *Twombly*, 550 U.S. at 556).[3]

## DISCUSSION

### I. TRADE DRESS INFRINGEMENT

The Lanham Act provides a federal cause of action for trade dress infringement. *See* 15 U.S.C. § 1125(a). "A product's trade dress 'is its overall image and appearance, and may include features such as size, shape, color or color combinations, texture, graphics, and even particular sales techniques.' " *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007) (quoting

---

[3] Several of Kimray's allegations state that they are based "upon information and belief." *Twombly* does not prevent a plaintiff from pleading facts alleged "upon information and belief" where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010).

5

*Sally Beauty Co., Inc. v. Beautyco, Inc.*, 304 F.3d 964, 977 (10th Cir. 2002)). To prevail on a trade dress infringement claim, a plaintiff must show: (1) the trade dress is inherently distinctive or has become distinctive through secondary meaning; (2) there is a likelihood of confusion among consumers as to the source of the competing products; and (3) the trade dress is nonfunctional. *Id.* at 1227.[4]

Norriseal argues that Kimray fails to state a plausible trade dress infringement claim because it does not specifically articulate which features of its valves make up the claimed trade dress, which of those features are primarily non-functional, and how those features are distinctive. To summarize, the Complaint alleges:

- Since at least as early as 1954, Kimray has manufactured, advertised, and sold automatic oil and water treater valves;

- The configuration and visual design of Kimray's treater valve is distinctive and non-functional trade dress and is the subject of a valid trademark registration;

- Due to its distinctive appearance and extensive use by Kimray, Kimray's treater valve is strong and well-recognized in the minds of consumers, oilfield personnel, service personnel and others in the industry;

- Norriseal manufactures and markets a treater valve with a configuration virtually identical to Kimray's treater valve;

---

[4] A product's trade dress is "functional," and not eligible for protection, if it is essential to the use or purpose of the product, if an adverse effect on cost or quality would result if that configuration were not used, or if the exclusive use of the feature would put competitors at a significant non-reputation-related disadvantage. *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 32-33 (2001); *C5 Medical Werks, LLC v. CeramTec GMBH*, __ F. Supp. 3d __, 2017 WL 56073, at *4 (D. Colo. Jan. 5, 2017).

- Contemporaneous advertising and marketing of Norriseal's valves and Kimray's valves is likely to cause confusion, mistake, or deception by and among consumers as to the source of the parties' respective valves;

- Norriseal chose the valves' design to trade on the goodwill associated with Kimray's valves; and

- Norriseal's design infringes on Kimray's rights in and to its registered trade dress.

Complaint at 2-5. Viewing the Complaint as a whole, Kimray's allegations are sufficient to provide Norriseal fair notice of Kimray's claim and the grounds upon which it rests. While the Complaint does contain some inconsistent or otherwise flawed allegations, the Court concludes there is sufficient factual support for the claims. At this stage, Kimray must only demonstrate that it is *plausibly* entitled to relief – it is not required to prove its case in the pleadings. Moreover, as stated above, the Court is required to accept such allegations as true even if it believes actual proof of the allegations is improbable. *Sanchez*, 810 F.3d at 756. At some point during discovery or the summary judgment stage, Kimray will need to identify what elements of its design are distinctive and which are non-functional, but that degree of specificity is not required at the pleading stage in this case. Accordingly, Norriseal's motion on this issue is denied.

## II. TRADE DRESS INFRINGEMENT AND LIKELIHOOD OF CONFUSION

Norriseal also contends that Kimray failed to plead a "likelihood of confusion" between its claimed trade dress and Norriseal's product design, and thus, the Court should dismiss its claims for trade dress infringement, unfair competition, and false designation of origin. Regarding likelihood of confusion, the Tenth Circuit considers a variety of factors when making such a determination, including: (1) the degree of similarity between the products; (2) the intent of the alleged infringer in designing its product; (3) evidence of actual confusion; (4) similarity in how the products are marketed; (5) the degree of care likely to be exercised by purchasers; and (6) the strength of the trade dress. *General Motors*, 500 F.3d at 1227 (citing *Sally Beauty*, 304 F.3d at 972, 979). In the Tenth Circuit, likelihood of confusion is a question of fact. *Id*.

The Court finds the Complaint alleges sufficient facts to demonstrate a plausible likelihood of confusion. Kimray alleges the configuration and design of its valves is strong and well-recognized among consumers and the industry; Norriseal manufactures and markets valves that are virtually identical; Norriseal designed its valves with the intent of capitalizing off of Kimray's goodwill; and both valves are advertised and marketed to the same consumer base, thereby creating the risk of confusion, mistake, or deception. Although the Complaint does not appear to assert instances of actual confusion or the degree of care likely to be exercised by

consumers, it does allege facts intimating an on the part of Norriseal to cause confusion, who allegedly modeled its valves after Kimray's, and that consumers would be mistaken as to their ownership, sponsorship, or affiliation. Norriseal denies these allegations, but they are assumed true at the pleading stage.

The extent to which Norriseal's design and marketing of its valves may cause confusion are topics the parties will explore during discovery. Accordingly, the Court finds the Complaint alleges sufficient facts to demonstrate a plausible likelihood of confusion and provides sufficient notice of the claim and the grounds upon which it rests; Norriseal's motion on this issue is denied.

### III.   UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN

Norriseal also contends the Court should dismiss Kimray's claims for unfair competition and false designation of origin because the Complaint is devoid of any allegations regarding the specific nature of Kimray's trade dress. The Court has already determined that, for purposes of Rule 12(b)(6), Kimray has demonstrated a plausible claim for relief for trade dress infringement. Additionally, the analysis of a trade dress infringement claim is similar to that for unfair competition and false designation of origin. *See Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006); *Int'l Diamond Importers, Inc. v. Oriental Gemco (N.Y.), Inc.*, 64 F. Supp. 3d 494, 524 (S.D.N.Y. 2014). Therefore, Norriseal's motion to dismiss Kimray's unfair competition and false designation of origin claims is denied.

## IV. DECEPTIVE TRADE PRACTICES

Kimray also asserts a state law claim for deceptive trade practices under Oklahoma law, 78 OKLA. STAT. § 53(A). The Oklahoma Deceptive Trade Practices Act (ODTPA) proscribes fourteen categories of conduct performed in the course of a person's business, vocation, or occupation, including: (1) passing off goods or services as those of another; (2) knowingly making a false representation as to the source, sponsorship, approval, or certification of goods or services; and (3) knowingly making a false representation as to affiliation, connection, association with, or certification by another. *Id*. A claim under § 53(A) is treated analogously to Kimray's Lanham Act claims and governed by the same standard. *Brunswick Corp. v. Spinit Reel Co.*, 832 F.2d 513, 527 (10th Cir. 1987). "Thus, by proving a violation of section 43(a) of the Lanham Act, [a party] has offered sufficient evidence to prove a violation of [section 53(A)] of the Oklahoma Deceptive Trade Practices Act." *Id*.

Rather than engage in an exhaustive review of the Complaint again, the Court simply notes the Complaint has stated a plausible claim for relief under the ODTPA. Kimray alleges Norriseal designed its valves with the intent of capitalizing on the goodwill Kimray acquired in manufacturing, marketing and selling its own valves. Kimray asserts that Norriseal has marketed duplicate valves and such activities are likely to cause confusion, mistake, or deception as to their source, origin and sponsorship, and mislead the public into believing Norriseal is affiliated, connected,

and/or associated with Kimray, and/or that Norriseal's valves originate from, are sponsored by, are endorsed by, or somehow approved by Kimray. In the Court's view, such allegations are sufficient to provide Norriseal with notice of Kimray's ODTPA claim and the grounds upon which it rests.

V. COUNTERFEITING

Lastly, Count 6 of the Complaint asserts a claim under Oklahoma's Trademark Anti-Counterfeiting Act, which imposes civil liability against any "person who knowingly and with intent to sell or distribute, uses, displays, advertises, distributes, offers for sale, sells or possesses any item that bears a counterfeit mark or any service that is identified by a counterfeit mark[.]" 21 OKLA. STAT. §§ 1990.2(A), (J). For purposes of the statute, a "counterfeit mark" means (1) any unauthorized reproduction or copy of intellectual property, and (2) intellectual property that is affixed to any item that is knowingly sold, offered for sale, manufactured or distributed or to any identifying services offered or rendered without the authority of the intellectual property owner. *Id*. § 1990.1.

Again, at this stage of the pleadings, the Court is unable to conclude that Kimray has failed to state a plausible claim for relief. At this stage of the proceedings, the Court cannot require the detail Norriseal urges to be necessary for Kimray's Complaint to satisfy the pleading requirements of the Federal Rules of Civil Procedure. Kimray alleges that the valves, on their surface, are virtually

11

identical to Kimray's valves and are being offered alongside Kimray's products. The Court holds that these allegations are sufficient to satisfy Kimray's burden at this stage, as Norriseal is given adequate notice of the allegations against it and the grounds upon which they rest.

Alternatively, Norriseal requests that Kimray be required to amend its Complaint to provide a more definite statement of (1) what constitutes Kimray's alleged trade dress and (2) the factual basis for Kimray's claims of likelihood of confusion. "Motions for a more definite statement are generally disfavored in light of liberal discovery available under the federal rules and are granted only when a party is unable to determine the issues requiring a response." *Shaffer v. Eden*, 209 F.R.D. 460, 464 (D. Kan. 2002) (citing *Resolution Trust Corp. v. Thomas*, 837 F.Supp. 354, 355 (D. Kan. 1993)); *Atherton v. Norman Public School Dist.*, No. CIV-11-1280-M, 2012 WL 1438972, at *1 (W.D. Okla. Apr. 25, 2012). "A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Shaffer, supra.* Rather, "when a complaint fails to plead all of the elements of a cause of action, fails to plead any facts supporting the elements of a cause of action, or states the claim in a vague or ambiguous manner, a court may order a plaintiff to file

a more definite statement, re-pleading [its] claim in accordance with Federal Rule of Civil Procedure 8." *Atherton*, 2012 WL 1438972, at *1

As stated above, the Court has found the Complaint's allegations give Norriseal adequate notice of the claims against it and the grounds upon which they rest. Accordingly, Norriseal's alternative request for a more definite statement is denied.

## CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, or, in the Alternative, for a More Definite Statement [Doc. No. 16] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this **8th** day of May 2017.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE